UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOE B. RUSSELL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 4:09-cr-12-HSM-SKL |
| | ) | 4:13-cv-58-HSM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 45].[1] The Government filed a response in opposition to Petitioner's § 2255 motion [Doc. 55]. During pendency of the action, Petitioner filed a motion to supplement his original petition citing the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as a novel ground for collateral relief [Doc. 73]. The Government again responded in opposition to collateral relief [Doc. 75]. For the reasons stated below, Petitioner's motion to supplement [Doc. 73] will be **DENIED** based on futility of the proposed claim and un-amended § 2255 motion [Doc. 45] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I. BACKGROUND

On February 29, 2008, Drug Task Force Assistant Director Timothy Miller followed and subsequently stopped a vehicle in Bedford County, Tennessee [Presentence Report ("PSR") ¶ 7]. Upon preliminary investigation, it appeared to the Officer that Petitioner, who was a passenger in the vehicle, was wearing a shirt covered with cocaine base residue [*Id*. ¶ 9]. After requesting that

---

[1] All citations to the record are found on the docket of Case No. 4:09-cr-12.

Petitioner exit the vehicle, Officer Miller searched the passenger compartment and recovered 5.2 grams of cocaine base [*Id.*].

On February 18, 2009, Officer Miller, alongside FBI Special Agent Rich Poff interviewed Mr. David Reed, a customer of Petitioner, who confirmed Petitioner sold and delivered 3.5 grams of crack to Mr. Reed on the day before his arrest [*Id.* ¶ 10]. One day later, on February 19, 2009, Petitioner was recorded selling 0.4 grams to a confidential informant during a controlled buy [*Id.* ¶ 11]. In total, Petitioner was held responsible for 9.1 grams of cocaine base [*Id.* ¶ 12].

On February 24, 2009, a federal grand jury for the Eastern District of Tennessee returned a two-count indictment charging Petitioner with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count One) and distribution of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two) [Doc. 1]. On June 25, 2010, the Government filed a notice of enhancement pursuant to 21 U.S.C. § 851 based on Petitioner's two prior drug offenses [Doc. 9].

On July 14, 2010, Petitioner pleaded guilty to Count Two of the indictment, pursuant to a written plea agreement [Doc. 14]. The Court subsequently sentenced Petitioner to 188 months' imprisonment [Doc. 23]. On appeal, the Sixth Circuit affirmed Petitioner's conviction and sentence [Doc. 38]. On May 30, 2013, the Supreme Court denied certiorari. [Doc. 42]

On August 19, 2013, Petitioner filed a timely motion pursuant to 28 U.S.C. § 2255 [Doc. 45] and a supplement to his § 2255 motion [Doc. 73] proposing an additional ground for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, he appears to suggest that the Sixth Circuit's extension of *Johnson*—in which the Supreme Court invalidated the

residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague—to the identical residual provision contained in Section 4B1.1 of the United States Sentencing Guidelines precludes his continued categorization as a career offender based on prior convictions for aggravated assault and evading arrest [*Id.*].

II.     TIMELINESS OF PETITION AND AMENDMENT

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations applicable to collateral challenges under § 2255 runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Amended claims and defenses are subject to the same limitations period as the original motion. *Cameron v. United States*, No. 1:05-CV-264, 2012 U.S. Dist. LEXIS 48381, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the

3

petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). Petitioner's conviction became final for purposes of 2255(f)(1) on May 30, 2014, one year after the Supreme Court denied certiorari [Doc. 42]. As such, the original petition—filed on August 19, 2013—falls safely within the permissible period for requesting collateral relief [Doc. 45].

By contrast, Petitioner failed to request leave to incorporate the *Johnson* claim until nearly a year after the window for requesting timely relief under § 2255(f)(1) expired. Further, he has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting Forman v. Davis, 371 U.S. 178, 182 (1965)). As a result, the Court finds that it need not determine the timeliness of Petitioner's motion under subsection (f)(3) because, even assuming the Court were to find that reliance on *Johnson* in the context of the Guidelines triggered a renewed window, *see* 28 U.S.C. § 2255(f)(3) (providing an alternative commencement from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), the proposed claim would fail as a matter of law, i.e., granting leave to make the amendment would be futile.

4

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit recently held that the same vagueness analysis renders the Guidelines' parallel residual clause constitutionally infirm. *See United States v. Pawlak*, No.15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016) (concluding that the "rationale of *Johnson* applies equally" to the Guidelines' residual clause definition of crime of violence).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 73].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent

5

to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2 or "controlled substance offenses." *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to § 2255 collateral relief.

At least three of Petitioner's prior drug convictions—possession of cocaine for resale and two counts of selling cocaine [PSR ¶¶ 28–29]—involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration, *see United States v. Carter*, 283 F.3d 755, 757–58 (6th Cir. 2002) (finding three convictions for sale of cocaine constituted three separate predicate offenses under 4B1.2); *United States v. Kinzer*, No. 2:10-cr-84, 2014 U.S. Dist. LEXIS 29340, at *2–3, 15–19 (E.D. Tenn. Mar. 7, 2014)

6

(explaining two convictions for possession of marijuana with intent to sale constituted "controlled substance offenses"), and, as a result, was properly classified as qualifying predicate convictions under Section 4B1.1(a)(3). *Johnson* is inapposite. *See United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses). Because his prior drug offenses independently support continued categorization as a career offender, the Court finds that it need not address what, if any, impact the Sixth Circuit's extension of *Johnson* in the *Pawlak* decision has on this Court's ability to use Petitioner's aggravated assault and evading arrest convictions to do the same. Because *Johnson* does not provide a viable basis for collateral relief, Petitioner's request for leave to amend his complaint to include such a claim [Doc. 73] will be **DENIED** as futile.

### III.   STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates two grounds of collateral challenge in his § 2255 motion [Doc. 45]. Petitioner's two grounds for collateral relief include allegations of: (1) an unconstitutional sentence enhancement based on the Supreme Court ruling in *Alleyne v. United States*, 133 S. Ct.

2151 (2013) (Ground One) [Doc. 45 p. 17]; and (2) an improper sentence due to the failure to apply the Fair Sentencing Act (Ground Two) [Doc. 333]. Neither warrants relief.

### A. Ground One: Unconstitutional Sentence Enhancement

Citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Petitioner asserts his Constitutional rights were violated by an enhanced statutory mandatory minimum sentence applied to him as the result of his prior felony drug conviction because the prior convictions were not proven to a jury or admitted in the plea agreement [Doc. 45 p. 17].

As argued by the Government, Petitioner's quest for relief under *Alleyne* is fruitless. In *Alleyne*, the Supreme Court held "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158. However, *Alleyne* does not apply retroactively to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014). Moreover, the Supreme Court explicitly iterated in *Alleyne* that "the fact of a prior conviction" is an appropriate subject for judicial fact-finding at sentencing. *Alleyne*, 133 S. Ct. at 2160 n.1 (referencing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). Consequently, there is no requirement that Petitioner's prior convictions be proven by a jury or admitted in his plea agreement and therefore no basis for relief under *Alleyne*.

Similarly, Petitioner's reliance on *Apprendi* is misplaced. In *Apprendi*, the Supreme Court held that a Judge may exercise judicial discretion when imposing a sentence within the statutory range. *Apprendi*, *530 U.S. at 481 (2000)* ("[N]othing . . . suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment within the range prescribed by statute."); see *also United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) ("*Alleyne* did not

8

extend *Apprendi* to facts that do not increase the prescribed statutory penalties"). Petitioner has not identified any judicial fact-finding that increased the statutory range of his punishment; the enhancement about which he complains only affected the advisory guidelines range. As a result, *Apprendi* also fails to provide any basis for granting relief.

**B. Ground Two: Application of the Fair Sentencing Act**

Petitioner's second ground of collateral attack alleges that he did not receive the full benefit of the Fair Sentencing Act ("FSA")[2] [Doc. 45 p. 20]. Petitioner asserts the Court's failure to apply the FSA to his sentence, while applying it to the sentence of others who are similarly situated, amounted to an Equal Protection Clause violation [*Id*. p. 21]. Petitioner further argues that "even if Petitioner . . . received the longer penalty of a career offender," his sentence should be reduced to comply with the mandates of the FSA [*Id*.].

The Court finds that the Sixth Circuit reviewed and subsequently rejected this ground of collateral attack on direct appeal [Doc. 38]. The Sixth Circuit held, in relevant part, that "although the Fair Sentencing Act applies to [Petitioner's] sentence, its application does not change his offense level as a career offender," which remained at a level 34 both pre and post-FSA [*Id*.]. Because Petitioner's offense level and the corresponding guidelines range would not have changed based on the application of the FSA, the Court's decision to sentence Petitioner under pre-FSA sentencing Guidelines does not warrant a reduction in Petitioner's sentence.

---

[2] Congress enacted the Fair Sentencing Act of 2010 ("FSA") with the intent "to restore fairness to federal cocaine sentencing." Pub.L. 111-120, 124 Stat. 2372 (2010). The effect of the FSA was to increase the threshold for the application of the 10-year mandatory minimum from 50 grams of crack cocaine to 280 grams of crack cocaine and the 5-year mandatory minimum from 5 grams of crack cocaine to 28 grams of crack cocaine. Compare 21 U.S.C. § 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) (effective Aug. 3, 2010), with 21 U.S.C. § 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) (effective April 15, 2009 to Aug. 2, 2010).

Petitioner's next argument—that the failure to apply the FSA to his sentence was an Equal Protection Clause violation—is without merit. The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an Equal Protection claim, Petitioner must show intentional discrimination against him based on his membership in a suspect class. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Booher v. U. S. Postal Serv*. 843 F.2d 943, 944 (6th Cir. 1988) (a plaintiff must demonstrate that he 'was victimized because of some suspect classification, which is an essential element of an equal protection claim."). Petitioner has not alleged, much less proven, that he was victimized based on his membership in a suspect class. Assuming the Court's failure to apply the FSA to Petitioner's sentence was improper, this single action, without more, cannot form the basis of an Equal Protection claim. *Id*. at 944.

Finally, to the extent that Petitioner argues his sentence should be reduced to comply with the mandates of the FSA despite his career offender status, the Court disagrees. "The court may not modify a term of imprisonment once it has been imposed except" where expressly permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Absent statutory indication that the career offender Guidelines no longer controls, a request for reduction of sentence under this theory will be rejected.

10

**IV. CONCLUSION**

For the reasons discussed above, Petitioner's motion to supplement [Doc. 73] will be **DENIED** based on futility of the proposed claim set forth therein and § 2255 motion [Doc. 45] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**ORDER ACCORDINGLY.**

>        */s/ Harry S. Mattice, Jr.*
>        HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE